IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 18 2010

J. T. NOBLIN, CLERK
BY_____ DEPUTY

RUFUS STAMPS, JR.                                                                PLAINTIFF

V.                                                          CAUSE NO. 3:10cv110 HTW-LRA

STATE FARM INSURANCE COMPANY                                          DEFENDANT

## NOTICE OF REMOVAL OF CIVIL ACTION
## TO THE UNITED STATES DISTRICT COURT

Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant

in the above captioned cause, presents this Notice of Removal to this Court and, in support thereof,

states:

1.  This action was commenced by the Plaintiff in the County Court of the First Judicial

District of Hinds County, Mississippi, on February 2, 2010.  This Notice is filed within thirty (30)

days of service of process of the Complaint in this action on Defendant.

2.  This is a civil action of which this United States District Court has jurisdiction in that the

Plaintiff is a citizen of the State of Mississippi, while Defendant is a citizen of Illinois, other being

a mutual company organized and existing under the laws of Illinois and with its principal place of

business in Illinois. The amount in controversy in this cause that is referenced in the Complaint as

being sought by Plaintiff is $75,000.00 of damages allegedly arising from the automobile accident

in question and asserted as part of an Uninsured Motor Vehicle Coverage claim with State Farm,

plus additional damages for mental anxiety and anguish and other generally alleged consequential

damages, plus punitive damages.

3. No process, pleadings, nor orders have been served in this action except those for which copies are specifically attached hereto and/or otherwise submitted herewith, in accordance with 28 U.S.C. 1446(a).

WHEREFORE, NOTICE IS HEREBY GIVEN that this cause is removed to the United States District Court for the Southern District of Mississippi.

Respectfully submitted,

**STATE FARM INSURANCE COMPANY**

BY: _____
PHILIP W. GAINES

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS
POST OFFICE BOX 750
JACKSON, MISSISSIPPI 39205-0750
601/969-1010

2

## VERIFICATION

STATE OF MISSISSIPPI
COUNTY OF HINDS

Before me, the undersigned officer, on this day personally appeared PHILIP W. GAINES of

Currie, Johnson, Griffin, Gaines & Myers, Jackson, Mississippi, known to me to be the attorney for

Petitioners State Farm Insurance Company, having been first duly sworn on oath and upon due

authorization, and says that he has read the foregoing Notice of Removal and, based upon his

information and belief, said Notice, and the statements and allegations made therein, are true and

correct.

PHILIP W. GAINES

SWORN TO AND SUBSCRIBED BEFORE ME, this the 18th day of

February, 2010.

NOTARY PUBLIC

My Commission Expires:

(SEAL)

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed via United States mail, postage fully prepaid, a true and correct copy of the above and foregoing instrument to:

Sanford Knott, Esq.
Sanford Knott & Associates, P.A.
P.O. Box 1208
Jackson, Mississippi 39215-1208

Barbara Dunn
County Clerk of Court, Hinds County
P.O. Box 327
Jackson, Mississippi  39205

This the 18th day of February, 2010.

PHILIP W. GAINES

24 - 5413 - 777    FEB - 8 2010

Central Miss Claims Services    FEB - 2 2010

**RECEIVED**

**FILED**

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

RUFUS STAMPS, JR.                                    PLAINTIFF

V.                                    CAUSE NO: 251-10-644COV

STATE FARM INSURANCE
COMPANY                                    DEFENDANT

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Rufus Stamps, Jr., by and through counsel, and files this his Complaint for Damages against State Farm Insurance Company, and Plaintiff would state unto the Honorable Court the following, to wit:

## COUNT I

I.

The Plaintiff is an adult resident citizen of Yazoo City, Yazoo County, Mississippi, whose address at the time of the accident is 2321 West Clubview Circle, Yazoo City, Mississippi 39194.

II.

Defendant, State Farm Insurance Company, ( i.e., "State Farm" hereafter) is authorized to do business in the State of Mississippi, whose agent for service of process is Mike Chaney, Commissioner of Insurance, 550 High Street, Suite 1804, Jackson, Mississippi 39201.

1

24 - 5413 - 777

### III.

That on or about December 13, 2005, the Plaintiff was involved in an automobile accident while traveling west bound on Medger Evers Boulevard near the intersection of Martin Luther King Drive in the City of Jackson, Mississippi when his vehicle was struck by a vehicle being driven by Fredrick McCree. As a result of the collision, the Plaintiff suffered substantial damages to his vehicle and to his person.

### IV.

That at all times complained of herein, the Defendant issued a policy of insurance to Rufus Stamps, Jr., which contained a provision for uninsured motorist coverage. A copy of the policy mentioned is attached hereto as Exhibit "A" and is incorporated into this complaint by reference thereto. In consideration of premium payments by Plaintiff, Defendant State Farm agreed to provide to Rufus Stamps, Jr. automobile coverage, including, *inter alia,* coverage for injuries sustained from an uninsured motorist, such as those injuries sustained by the Plaintiff at the time of the accident. The policy specifically provided for insurance against losses caused by uninsured motorist/underinsured motorist.

### VI.

The driver whose negligence caused the collision was an uninsured/

2

underinsured motorist as defined by the common and statutory laws of the State of Mississippi and as declared by this Court on December 13, 2007 in Cause No. 251-06-343 at which time a judgment, awarding damages in the amount of $75,000.00, was rendered.

## VIII.

On December 13, 2007, a notice of the award was, thereafter, submitted to Defendant for payment. The Defendant State Farm has failed and refused to act reasonably and pay under the aforementioned policy in accordance with the judgment.  The failure and refusal on the part of the Defendant State Farm has proximate y caused or contributed to the losses and damages described herein. Moreover, as a direct and proximate cause of Defendant State Farm's action or lack of action, Plaintiff has suffered mental anxiety, and anguish.

## IX.

Plaintiff would show unto the Court that Defendant State Farm should pay the Plaintiff's interest on the judgment award at the legal rate.

## X.

Defendant State Farm should be required to pay Plaintiff's reasonable attorney fees and all costs of court, herein, since Plaintiff has been required to employ an attorney to assist him in collecting that which is rightfully due from the

3

24-5413-777

Defendant State Farm.

## COUNT II

### XI.

Plaintiff re-alleges and reaffirms the allegations of paragraphs 1 through 10

of Count I and incorporates them in

Count II, herein, by reference.

### XII.

At all times material herein, Defendant State Farm has acted wrongfully and

in breach of the implied covenant of good faith and fair dealing in the handling,

investigation, and evaluation of Plaintiff's claim.  In so doing, Defendant State

Farm acted wrongfully and unreasonably in the following respects:

A.    Defendant State Farm failed and refused to make an adequate

investigation before refusing to provide coverage to Plaintiff under

said policy of insurance;

B.    The aforementioned actions and inactions on the part of Defendant

State Farm was willful and conscious wrongs showing actual malice

toward the Plaintiff, or, in the alternative, constituted conduct so

grossly negligent and inexcusable as to amount to a reckless disregard

for the rights of the Plaintiff;

4

24-5413-777

reasonable review and evaluation of the circumstances, therein, and had no legitimate arguable reason for not adequately compensating Plaintiff; and

D.      Defendant State Farm refused and continues to refuse to give any reasonable interpretation to the provisions of the contract of insurance and is acting to protect its own financial interest at the expense of the rights and financial interest of the Plaintiff and has compelled Plaintiff to engage legal counsel to initiate litigation to recover said benefits.

## XIII.

As a direct and proximate result of the aforementioned wrongful and unreasonable actions and inactions on the part of Defendant State Farm, Plaintiff was caused to suffer, and did suffer, the damages stated above.

WHEREFORE, PREMISES CONSIDERED, Rufus Stamps, Jr. demands compensatory and punitive damages from and against the Defendant in an amount that is within the jurisdictional limits of this Court.  Plaintiff, also, requests trial by jury.

This the 29th day of January, 2010.

5

24-5413-777

RESPECTFULLY SUBMITTED,
RUFUS STAMPS, JR.

BY: _____
SANFORD KNOTT, ESQUIRE
Sanford Knott & Associates, P.A.
ROOSEVELT DANIELS, II
Attorney at Law

6

24-5413-777

# YOUR STATE FARM CAR POLICY



State Farm Mutual Automobile Insurance Company, Home Office, Bloomington, Illinois

Alabama-Mississippi Office   •   100 State Farm Parkway   •   P.O. Box 2661   •   Birmingham, Alabama 35297-0001

Authorized Representative

PLEASE READ YOUR POLICY CAREFULLY. IF YOU HAVE AN ACCIDENT, CONTACT YOUR STATE FARM AGENT OR ONE OF OUR CLAIM OFFICES AT ONCE. (SEE "REPORTING A CLAIM-INSURED'S DUTIES" IN THIS POLICY.)

9824.4

R. Stamps

Exhibit "A"

24-5413-777

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
### BLOOMINGTON, ILLINOIS
### A MUTUAL COMPANY

### DEFINED WORDS
### WHICH ARE USED IN SEVERAL PARTS OF THE POLICY

We define some words to shorten the policy. This makes it easier to read and understand. Defined words are printed in boldface italics. *You* can pick them out easily.

*Bodily Injury* – means bodily injury to a *person* and sickness, disease or death which results from it.

*Car* – means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:

1. any vehicle while located for use as a dwelling or other premises; or
2. a truck-tractor designed to pull a trailer or semitrailer.

*Car Business* – means a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers.

*Insured* – means the *person*, *persons* or organization defined as *insureds* in the specific coverage. If the information *you* have provided State Farm is incorrect or incomplete, or changes during the policy period, State Farm may decrease or increase the premium during the policy period as set out in the provision titled **Premium** of the Conditions section of this policy.

*Loss* – defined in Sections IV and V.

*Newly Acquired Car* – means a *replacement car* or an *additional car*.

**Replacement Car** – means a *car* newly owned by or newly leased to *you* or *your spouse* that replaces *your car*. This policy will only provide coverage for the *replacement car* if *you* or *your spouse*:

1. tell us about it within 30 days after its delivery to *you* or *your spouse*; and
2. pay us any added amount due.

**Additional Car** – means an added *car* newly owned by or newly leased to *you* or *your spouse*. This policy will only provide coverage for the *additional car* if:

1. it is a *private passenger car* and we insure all other *private passenger cars*; or
2. it is other than a *private passenger car* and we insure all *cars*

owned by or leased to *you* or *your spouse* on the date of its delivery to *you* or *your spouse*.

This policy provides coverage for the *additional car* only until the earlier of:

1. 12:01 A.M. Standard Time at the address shown on the declarations page on the 31st day after the delivery of the *car* to *you* or *your spouse*; or
2. the effective date and time of a policy issued by us or any other company that describes the *car* on its declarations page.

*You* or *your spouse* may apply for a policy that will provide coverage beyond the 30th day for the *additional car*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of application.

If a *newly acquired car* is not otherwise afforded comprehensive or collision coverage by this or any other policy, this policy will provide the comprehensive or collision coverage not otherwise provided for the *newly acquired car*. If such coverage is provided by this paragraph, it will apply only until 12:01 A.M. Standard Time at the address shown on the declarations page on the sixth day after the delivery of the *car* to *you* or *your spouse*. Any comprehensive or collision coverage provided by this paragraph is subject to a deductible of $500.

*Non-Owned Car* – means a *car* not owned by, registered to or leased to:

1. *you*, *your spouse*;
2. any *relative* unless at the time of the accident or *loss*:

   a. the *car* currently is or has within the last 30 days been insured for liability coverage; and
   b. the driver is an *insured* who does not own or lease the *car*;

3. any other *person* residing in the same household as *you*, *your spouse* or any *relative*; or
4. an employer of *you*, *your spouse* or any *relative*.

02/09/2010 09:12 FAX 2012/031

24-5413-777

1. rented *car* while it is used in connection with the *insured's* employment or business; or

2. *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. If the *insured* is an *insured* under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

A *non-owned car* must be a *car* in the lawful possession of the *person* operating it.

*Occupying* – means in, on, entering or alighting from.

*Person* – means a human being.

*Private Passenger Car* – means a *car*:

1. with four wheels;

2. of the private passenger or station wagon type; and

3. designed solely to carry *persons* and their luggage.

*Relative* – means a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

*Spouse* – means *your* husband or wife who resides primarily with *you*.

*Temporary Substitute Car* – means a *car* not owned by or leased to *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

*Utility Vehicle* – means a motor vehicle with:

1. a pickup, panel or van body; and.

2. a Gross Vehicle Weight of 10,000 pounds or less.

*You* or *Your* – means the named insured or named insureds shown on the declarations page.

*Your Car* – means the *car* or the vehicle described on the declarations page.

## DECLARATIONS CONTINUED

We, the State Farm Mutual Automobile Insurance Company, agree to insure *you* according to the terms of this policy based:

1. on *your* payment of premium for the coverages *you* chose; and

2. in reliance on *your* statements in these declarations.

*You* agree, by acceptance of this policy that:

1. the statements in these declarations are *your* statements and are true; and

2. we insure *you* on the basis *your* statements are true; and

3. this policy contains all of the agreements between *you* and us or any of our agents.

Unless otherwise stated in the exceptions space on the declarations page, *your* statements are:

1. Ownership. *You* are the sole owner of *your car.*

2. Insurance and License History. Neither *you* nor any member of *your* household within the past three years has had:

   a. vehicle insurance canceled by an insurer; or

   b. a license to drive or vehicle registration suspended, revoked or refused.

3. Use. *Your car* is used for pleasure and business.

4
8244

# WHEN AND WHERE COVERAGE APPLIES

## When Coverage Applies

The coverages *you* chose apply to accidents and *losses* that take place during the policy period.

The policy period is shown under "Policy Period" on the declarations page and is for successive periods of six months each for which *you* pay the renewal premium. Payments must be made on or before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.

## Where Coverage Applies

The coverages *you* chose apply:

1. in the United States of America, its territories and possessions or Canada; or

2. while the insured vehicle is being shipped between their ports.

The liability, medical payments and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage *loss* in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world.

# FINANCED VEHICLES

If a creditor is shown in the declarations, we may pay any comprehensive or collision *loss* to:

1. *you* and, if unpaid, the repairer; or

2. *you* and such creditor, as its interest may appear, when we find it is not practical to repair *your car*; or

3. the creditor, as to its interest, if *your car* has been repossessed.

When we pay the creditor for *loss* for which *you* are not covered, we are entitled to the creditor's right of recovery against *you* to the extent of our payment. Our right of recovery shall not impair the creditor's right to recover the full amount of its claim.

The coverage for the creditor's interest only is valid until we terminate it. We will not terminate such coverage because of:

1. any act or negligence of the owner or borrower; or

2. a change in the ownership or interest unknown to us, unless the creditor knew of it and failed to tell us within 10 days; or

3. an error in the description of the vehicle.

The date of termination of the creditor's interest will be at least 10 days after the date we mail or electronically transmit the termination notice.

# REPORTING A CLAIM — INSURED'S DUTIES

## 1. Notice to Us of an Accident or Loss

The *insured* must give us or one of our agents written notice of the accident or *loss* as soon as reasonably possible. The notice must give us:

a. *your* name; and

b. the names and addresses of all *persons* involved; and

c. the hour, date, place and facts of the accident or *loss*; and

d. the names and addresses of witnesses.

## 2. Notice to Us of Claim or Suit

If a claim or suit is made against an *insured*, that *insured* must at once send us every demand, notice or claim made and every summons or legal process received.

## 3. Other Duties Under the Physical Damage Coverages

When there is a *loss, you* or the owner of the property also shall:

a. make a prompt report to the police when the *loss* is the result of theft or larceny.

5
8244

24 - 54 13 - 77 7

o.  protect the damaged vehicle. We will pay any reasonable expense incurred to do so.

c.  show us the damage, when we ask.

d.  provide all records, receipts and invoices, or certified copies of them. We may make copies.

e.  answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

**4. Other Duties Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages**

Any *person* who suffers a *bodily injury* which results in a medical payments coverage claim must notify us of the claim in writing as soon as reasonably possible after the *person's* first examination or treatment resulting from the *bodily injury*. Another *person* may give us the required notice on behalf of the injured *person*.

The *person* making claim also shall:

a.  under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:

(1) give us all the details about the death, injury, treatment and other information we need to determine the amount payable.

(2) be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the *person* upon written request. The *person*, or his or her legal representative if the *person* is dead or unable to act, shall authorize us to obtain all medical reports and records.

(3) answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

b.  under the uninsured motor vehicle coverage

(1) report a "hit-and-run" accident to the police within 24 hours and to us within days.

(2) let us see the insured *car* the *person* occupied in the accident and any *property* damage.

(3) send us at once a copy of all suit papers the *person* sues the party liable for the accident for damages.

(4) if making claim for *property damage* give us sworn proof of claim within 60 days of the accident. This proof must state as the property:

(a)  who owns it and how much they ow

(b)  the amount of any claims or liens;

(c)  its value at the time of the accident and

(d)  details of the accident and of any other insurance on it.

c.  under the death, dismemberment and loss of sight, total disability and loss of earnings coverages, give us proof of claim on form we furnish.

**5. Insured's Duty to Cooperate With Us**

The *insured* shall cooperate with us and, when asked, assist us in:

a.  making settlements;

b.  securing and giving evidence;

c.  attending, and getting witnesses to attend hearings and trials.

The *insured* shall not, except at his or her own cost, voluntarily:

a.  make any payment or assume any obligation to others; or

b.  incur any expense, other than for first aid others.

## SECTION I — LIABILITY — COVERAGE A

24-5413-

*You* have this coverage if "A" appears in the "Coverages" space on the declarations page.

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

   a. *bodily injury* to others, and

   b. damage to or destruction of property including loss of its use,

   caused by accident resulting from the ownership, maintenance or use of *your car*; and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident:

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

   a. after the judgment, and until we pay, offer or deposit in court the amount due under this coverage; or

   b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

3. Premiums or costs of bonds:

   a. to secure the release of an *insured's* property attached under a court order;

   b. required to appeal a decision in a suit for damages if we have not paid our limit of liability that applies to the suit; and

   c. up to $250 for each bail bond needed because of an accident or related traffic law violation.

   We have no duty to furnish or apply for any bonds. The amount of any bond we pay for shall not be more than our limit of liability.

4. Expenses incurred by an *insured*:

   a. for loss of wages or salary up to $100 per day if we ask the *insured* to attend the trial of a civil suit;

   b. for first aid to others at the time of the accident.

   c. at our request.

We have the right to investigate, negotiate and settle any claim or suit.

### Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute car* or a *non-owned car*.

### Who Is an Insured

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car*, *insured* means:

1. *you*;

2. *your spouse*;

3. the *relatives* of the first *person* named in the declarations;

4. any other *person* while using such a *car* if its use is with the consent of *you* or *your spouse*; and

5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

When we refer to a *non-owned car*, *insured* means:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons*.

THERE IS NO COVERAGE FOR *NON-OWNED CARS*:

1. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER THAN "PLEASURE AND BUSINESS"; OR

2. WHILE:

   a. BEING REPAIRED, SERVICED, OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR

   b. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or occupied

by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

**Trailer Coverage**

1. Trailers designed to be pulled by a *private passenger car* or a *utility vehicle,* except those trailers in 2.a. below, are covered while owned or used by an *insured.*

   Farm implements and farm wagons are considered trailers while pulled on public roads by a *car* we insure for liability.

   These trailers are not described in the declarations and no extra premium is charged.

2. The following trailers are covered only if described on the declarations page and extra premium is paid:

   a. those trailers designed to be pulled by a *private passenger car* or a *utility vehicle:*

      (1) if designed to carry *persons;* or

      (2) while used with a motor vehicle whose use is shown as "commercial" on the declarations page (trailers used only for pleasure use are covered even if not described and no extra premium paid); or

      (3) while used as premises for office, store or display purposes; or

   b. any trailer not designed for use with a *private passenger car* or a *utility vehicle.*

   THERE IS NO COVERAGE WHEN A TRAILER IS USED WITH A MOTOR VEHICLE OWNED OR HIRED BY *YOU* WHICH WE DO NOT INSURE FOR LIABILITY COVERAGE.

**Limits of Liability**

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Property Damage, Each Accident".

We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured.*

A motor vehicle and attached trailer are one vehic[le]. Therefore, the limits are not increased.

The liability coverage shall be excess over and sh[all] not pay again any medical expenses paid under [the] medical payments coverage.

**When Coverage A Does Not Apply**

In addition to the limitations of coverage in Who [is] an Insured and **Trailer Coverage:**

THERE IS NO COVERAGE:

1. WHILE ANY VEHICLE INSURED U[N]DER THIS SECTION IS:

   a. RENTED OR LEASED TO OTHERS[.]

   b. USED TO CARRY *PERSONS* FOR [A] CHARGE. This does not apply to the u[se] on a share expense basis of:

      (1) a *private passenger car;* or

      (2) a *utility vehicle,* if all passengers [are] riding in that area of the vehicle [de]signed by the manufacturer of t[he] vehicle for carrying passengers.

   c. BEING REPAIRED, SERVICED [OR] USED BY ANY *PERSON* EMPLOY[ED] OR ENGAGED IN ANY WAY IN [A] *CAR BUSINESS.* This does not apply [to]

      (1) *you* or *your spouse;*

      (2) any *relative;*

      (3) any resident of *your* household; o[r]

      (4) any agent, employee or partner [of] *you, your spouse,* any *relative* [or] such resident.

      This coverage is excess for (3) and [(4)] above.

2. FOR ANY *BODILY INJURY* TO:

   a. A FELLOW EMPLOYEE WHILE [ON] THE JOB AND ARISING FROM T[HE] MAINTENANCE OR USE OF A VEH[I]CLE BY ANOTHER EMPLOYEE [IN] THE EMPLOYER'S BUSINESS. [You] and *your spouse* are covered for s[uch] injury to a fellow employee.

   b. ANY EMPLOYEE OF AN *INSUR[ED]* ARISING OUT OF HIS OR HER E[M]PLOYMENT. This does not apply t[o a] household employee who is not cove[red] or required to be covered under any wo[rk]ers' compensation insurance.

8

8244

24 - 5413 - 777

3. FOR:

   a. THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES; OR

   b. ANY *PERSON* WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*. But coverage applies to a rented:

   a. residence; or

   b. private garage

   damaged by a *car* we insure.

5. FOR ANY OBLIGATION OF AN *INSURED*, OR HIS OR HER INSURER, UNDER ANY TYPE OF WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

6. FOR LIABILITY ASSUMED BY THE *INSURED* UNDER ANY CONTRACT OR AGREEMENT.

**If There Is Other Liability Coverage**

1. **Policies Issued by Us to You, Your Spouse, or Any Relative**

   If two or more vehicle liability policies issued by us to *you, your spouse,* or any *relative* apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

2. **Other Liability Coverage Available From Other Sources**

   Subject to item 1, if other vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the per cent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.

3. **Temporary Substitute Car, Non-Owned Car, Trailer**

   Subject to items 1 and 2, if a *temporary substitute car,* a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle*:

   a. has other vehicle liability coverage on it; or

   b. is self-insured under any motor vehicle financial responsibility law, a motor carrier law or any similar law,

   then this coverage is excess over such insurance or self-insurance.

4. **Newly Acquired Car**

   THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE LIABILITY COVERAGE ON A *NEWLY ACQUIRED CAR*.

**Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law**

1. **Out-of-State Coverage**

   If an *insured* under the liability coverage is in another state or Canada and, as a nonresident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

   a. the policy will be interpreted to give the coverage required by the law; and

   b. the coverage so given replaces any coverage in this policy to the extent required by the law for the *insured's* operation, maintenance or use of a *car* insured under this policy.

   Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a *person* collect more than once.

2. **Financial Responsibility Law**

   When certified under any law as proof of future financial responsibility, and while required during the policy period, this policy shall comply with such law to the extent required. The *insured* agrees to repay us for any payment we would not have had to make under the terms of this policy except for this agreement.

## SECTION II — MEDICAL PAYMENTS — COVERAGE C

*You* have this coverage if "C" appears in the "Coverages" space on the declarations page.

### MEDICAL EXPENSES

We will pay reasonable medical expenses incurred, for *bodily injury* caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:

1. FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

   a. EXPERIMENTAL IN NATURE, FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE; OR

   b. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSION AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY;* OR

2. INCURRED FOR:

   a. THE USE OF THERMOGRAPHY OR OTHER RELATED PROCEDURES OF A SIMILAR NATURE; OR

   b. THE PURCHASE OR RENTAL OF EQUIPMENT NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the *bodily injury* sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained.

The *bodily injury* must be discovered and treated within one year of the date of the accident.

### Persons for Whom Medical Expenses Are Payable

We will pay medical expenses for *bodily injury* sustained by:

1.  a. the first *person* named in the declarations;

    b. his or her *spouse;* and

    c. their *relatives.*

    These *persons* have to sustain the *bodily injury:*

    a. while they operate or *occupy* a vehicle covered under the liability section; or

    b. through being struck as a *pedestrian* by a motor vehicle or trailer.

    A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

2.  any other *person* while *occupying:*

    a. a vehicle covered under the liability coverage, except a *non-owned car.* Such vehicle has to be used by a *person* who is insured under the liability coverage; or

    b. a *non-owned car.* The *bodily injury* has to result from such *car's* operation or occupancy by the first *person* named in the declarations, his or her *spouse* or their *relatives.*

### Deciding Amount

The amount due under this coverage shall be decided by agreement between the *person* making claim and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the *person* making claim or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the *person* making claim, any assignee of the *person* making claim and any *person* or organization with whom the *person* making claim expressly or impliedly contracts for the rendition of medical services. The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary, with the amount due being equal to the reasonable and necessary medical expenses only. The arbitrators shall not award punitive damages or other noncompensatory damages.

24-5413-777

02/09/2010 09:17 FAX                                                                    ☒019/031

24-5413-7

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the *person* making claim resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

**Payment of Medical Expenses**

We may pay the injured *person* or any *person* or organization performing the services.

**Limit of Liability**

Medical Expenses. The amount of coverage for medical expenses, including funeral services, is shown on the declarations page under "Limit of Liability — Coverage C - Each Person". If the amount shown is $3,000 or more, the most we pay for funeral services is $3,000 per *person*.

A motor vehicle and attached trailer are one vehicle as respects limits.

**If There Are Other Medical Payments Coverages**

1. Non-Duplication

    No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

2. Policies Issued by Us to You, Your Spouse or Relatives

    If two or more policies issued by us to *you, your spouse* or *your relatives* provide vehicle medical payments coverage and apply to the same *bodily injury* sustained:

    a. while *occupying a non-owned car*, a *temporary substitute car*; or

    b. as a *pedestrian*;

    the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

3. Subject to items 1 and 2 above:

    a. if a *temporary substitute car*, a *non-owned car* or a trailer has other vehicle medical payments coverage on it; or

    b. if other vehicle medical payments coverage applies to *bodily injury* sustained by a *pedestrian*

    this coverage is excess.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE MEDICAL PAYMENTS COVERAGE ON A *NEWLY ACQUIRED CAR*.

**What Is Not Covered**

THERE IS NO COVERAGE:

1. WHILE A *NON-OWNED CAR* IS USED:

    a. BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

    b. IN ANY OTHER BUSINESS OR JOB. This does not apply when the first *person* named in the declarations, his or her *spouse* or any *relative* is operating or *occupying a private passenger car*.

2. WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY ANY MOTOR VEHICLE OR TRAILER:

    a. DESIGNED MAINLY FOR USE OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

    b. LOCATED FOR USE AS A RESIDENCE OR PREMISES; OR

    c. THAT RUNS ON RAILS OR CRAWLER-TREADS.

3. FOR *BODILY INJURY* DUE TO WAR OF ANY KIND.

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY*:

    a. SUSTAINED WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY OR LEASED TO *YOU, YOUR SPOUSE*, OR ANY *RELATIVE*, WHICH IS NOT INSURED UNDER THIS COVERAGE; OR

    b. TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

    c. SUSTAINED BY ANY *PERSON*, other than the first *person* named in the declarations, his or her *spouse* or their *relatives*, WHILE *OCCUPYING* A VEHICLE:

        (1) RENTED OR LEASED TO OTHERS; OR

        (2) USED TO CARRY *PERSONS* FOR A *CHARGE*. This does not apply to a *private passenger car* used on a share expense basis.

11
8244

SECTION III — UNINSURED MOTOR VEHICLE — COVERAGES U AND U1

## UNINSURED MOTOR VEHICLE – COVERAGE U

### (Damages for Bodily Injury Caused by Uninsured Motor Vehicles)

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

Under coverage U, *uninsured motor vehicle* means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or

   b. insured or bonded for bodily injury liability at the time of the accident; but

      (1) the limits of liability are less than the limits of liability of this coverage under this policy; or

      (2) the insuring company denies coverage or is or becomes insolvent; or

      (3) the bond is less than the legal liability of the party liable for the damages.

2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

   a. the *insured*; or

   b. the vehicle the *insured* is *occupying*

   and causes *bodily injury* to the *insured*.

## UNINSURED MOTOR VEHICLE – COVERAGE U1

### (Damages for Bodily Injury or Property Damage Caused by Uninsured Motor Vehicles)

*You* have this coverage if "U1" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured*.

*Property Damage* – means damage to:

1. *your car* or a *newly acquired car*;

2. property owned by an *insured*; or

3. any property owned by a *person* not included in item 2. while contained in *your car*.

Under coverage U1, *uninsured motor vehicle* means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

   a. not insured or bonded for bodily injury liability and property damage liability at the time of the accident; or

   b. insured or bonded for bodily injury liability and property damage liability at the time of the accident; but

      (1) the limits of liability are less than the limits of liability of this coverage under this policy; or

      (2) the insuring company denies coverage or is or becomes insolvent; or

      (3) the bond is less than the legal liability of the party liable for the damages.

2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

   a. the *insured*;

   b. the vehicle the *insured* is *occupying*; or

   c. property of an *insured*

   and causes *bodily injury* to the *insured* or *property damage*.

Under coverages U and U1, *uninsured motor vehicle* does not include a land motor vehicle:

1. furnished for the regular use of *you*, *your spouse* or any *relative*;

2. owned or operated by a self-insurer under any motor vehicle financial responsibility law; a motor carrier law or any similar law;

3. owned by the United States of America or any of its agencies and against which a claim may be made under the Federal Tort Claims Act;

4. designed for use mainly off public roads except while on public roads; or

5. while located for use as premises.

12
8244

2.  TO THE EXTENT IT BENEFITS:

   a.  ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b.  A SELF-INSURER UNDER ANY WORKERS' COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   c.  ANY GOVERNMENTAL BODY OR AGENCY.

   d.  ANY PROPERTY INSURER.

3.  FOR THE FIRST $200 OF *PROPERTY DAMAGE* RESULTING FROM ONE ACCIDENT.

4.  FOR *PROPERTY DAMAGE* FOR WHICH THE *INSURED* HAS BEEN PAID BY ANY SOURCE.

**If There Is Other Coverage**

1.  If uninsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by us or any other insurer, any coverage applicable under this policy shall apply:

   a.  On a primary basis if the *insured* sustains *bodily injury* while *occupying your car*, or

while *not occupying* a motor vehicle or trailer.

   b.  On an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car*.

2.  Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a.  On a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on a primary basis.

   b.  On an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

3.  If other coverage applies to *property damage*, coverage UI applies as excess to any kind of coverage which applies to the *property damage*.

4.  THIS COVERAGE DOES NOT APPLY, IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR*.

24 - 5413 · 777

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* —, means, when used in this section, each direct and accidental loss of or damage to:

1. *your car*;

2. its equipment which is common to the use of *your car* as a vehicle;

3. clothes and luggage insured; and

4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

### COMPREHENSIVE – COVERAGE D. *You* have

this coverage if "D" appears in the "Coverages" space on the declarations page. If a deductible applies the amount is shown by the number beside "D".

1. Loss to Your Car: We will pay for *loss* to *your car* EXCEPT *LOSS BY COLLISION* but only for the amount of each such *loss* in excess of the deductible amount, if any. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

   Breakage of glass, or *loss* caused by missiles, falling objects, fire, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, is payable under this coverage. *Loss* due to hitting or being hit by a bird or an animal is payable under this coverage.

2. We will repay *you* for transportation costs if *your car* is stolen. We will pay up to $16 per day for the period that begins 48 hours after *you* tell us of the theft. The period ends when we offer to pay for *loss*.

### COLLISION – COVERAGE G. *You* have this

coverage if "G" appears in the "Coverages" space on the declarations page. The deductible amount is shown by the number beside "G".

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess of the deductible amount. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your*

deductible. If the *collision* is with another motor vehicle insured with us, *you* do not pay *your* deductible if it is $100 or less as we pay it.

*Collision* – means *your car* upset or hit or was hit by a vehicle or other object.

### Clothes and Luggage – Comprehensive and Collision Coverages

We will pay for *loss* to clothes and luggage owned by the first *person* named in the declarations, his or her *spouse*, and their *relatives*. These items have to be in or on *your car*. *Your car* has to be covered under this policy for:

1. Comprehensive, and the *loss* caused by fire, lightning, flood, falling objects, explosion, earthquake or theft. If the *loss* is due to theft, *YOUR* ENTIRE *CAR* MUST HAVE BEEN STOLEN; or

2. Collision, and the *loss* caused by *collision*.

We will pay up to $200 for *loss* to clothes and luggage in excess of any deductible amount shown for comprehensive or collision. $200 is the most we will pay in any one occurrence even though more than one *person* has a *loss*. This coverage is excess over any other coverage.

### Limit of Liability – Comprehensive and Collision Coverages

The limit of our liability for *loss* to property or any part of it is the lower of:

1. the actual cash value; or

2. the cost of repair or replacement.

Actual cash value is determined by the market value, age and condition at the time the *loss* occurred. Any deductible amount that applies is then subtracted.

The cost of repair or replacement is based upon one of the following:

1. the cost of repair or replacement agreed upon by *you* and us;

2. a competitive bid approved by us; or

3. an estimate written based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by us. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore

24-5413-777

the vehicle to its pre-loss condition. *You* agree with us that such parts may include either parts furnished by the vehicle's manufacturer or parts from other sources including non-original equipment manufacturers.

Any deductible amount that applies is then subtracted.

## Settlement of Loss – Comprehensive and Collision Coverages

We have the right to settle a *loss* or the owner of the property in one of the following ways:

1. pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. If the owner and we cannot agree on the actual cash value, either party may demand an appraisal as described below. If the owner keeps the damaged property, we will deduct its value after the *loss* from our payment. The damaged property cannot be abandoned to us;

2. pay to:

   a. repair the damaged property or part, or

   b. replace the property or part.

   If the repair or replacement results in betterment, *you* must pay for the amount of betterment; or

3. return the stolen property and pay for any damage due to the theft.

Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses shall be shared equally by both parties. We do not waive any of our rights by agreeing to an appraisal. If *you* give us *your* consent, we may move the damaged property, at our expense, to reduce storage costs during the appraisal process. If *you* do not give us *your* consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

The Settlement of Loss provision for comprehensive and collision coverages incorporates the Limit of Liability provision of those coverages.

If we can pay the *loss* under either comprehensive or collision, we will pay under the coverage where *you* collect the most.

When there is *loss* to *your car*, clothes and luggage in the same occurrence, any deductible will be applied first to the *loss* to *your car*. *You* pay only one deductible.

## EMERGENCY ROAD SERVICE – COVERAGE H. *You* have this coverage if "H" appears in the "Coverages" space on the declarations page.

We will pay the fair cost *you* incur for *your car* for:

1. mechanical labor up to one hour at the place of its breakdown;

2. towing to the nearest place where the necessary repairs can be made during regular business hours if it will not run;

3. towing it out if it is stuck on or immediately next to a public highway;

4. delivery of gas, oil, battery or tire. WE DO NOT PAY THE COST OF THE GAS, OIL, BATTERY OR TIRE.

5. locksmith services, up to one hour, to open *your car* if *your* key is lost, stolen or locked inside *your car*. We will pay only the cost of labor.

## CAR RENTAL EXPENSE – COVERAGE R. *You* have this coverage if "R" appears in the "Coverages" space on the declarations page.

We will repay *you* up to $10 per day when *you* rent a car from a car rental agency or garage due to a *loss* to *your car* which would be payable under coverage D or G, starting:

1. when it cannot run due to the *loss*; or

2. if it can run, when *you* leave it at the shop for agreed repairs;

and ending when:

1. it has been repaired or replaced, or

2. we offer to pay for the *loss*, or

3. *you* incur 30 days rent,

whichever comes first.

Any car rent payable under coverage R is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

## CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R1. *You* have this coverage if "R1" appears in the "Coverages" space on the declarations page.

1. Car Rental Expense. We will:

   a. pay *you* up to $16 of the daily rental charge when *you* rent a car from a car rental agency or garage; or

24-5413-777

b. pay *you* $10 for each complete 24 hour period that *your car* is not drivable if *you* choose to not rent a *car*. *You* must report to us the period of time that *your car* was not drivable.

We will pay only if *your car* is not drivable because of a *loss* which would be payable under coverage D or G.

This applies during a period starting:

a. when *your car* cannot run due to the *loss;* or

b. if *your car* can run, when *you* leave it at the shop for agreed repairs;

and ending:

a. when it has been repaired or replaced, or

b. (1) when we offer to pay for the *loss,* if *your car* is repairable, or

(2) five days after we offer to pay for the *loss,* if:

(a) *your car* was stolen and not recovered, or

(b) we declare it a total loss,

whichever comes first.

Any car rent payable under this coverage is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

2. **Travel Expenses.** If *your car* cannot run due to a *loss* which would be payable under coverage D or G more than 50 miles from home, we will repay *you* for expenses incurred by *you, your spouse* and any *relative* for:

a. Commercial transportation fares to continue to *your* destination or home.

b. Extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first.

c. Meals, lodging and commercial transportation fares incurred by *you* or a *person you* choose to drive *your car* from the place of repair to *your* destination or home.

3. **Rental Car – Repayment of Deductible Amount Expense.** We will repay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or garage.

**Total Amount of Expenses Payable – Coverage R1**

1. The most we will pay for the total of the "Car Rental Expense" and "Rental Car – Repayment of Deductible Amount Expense" incurred in any one occurrence is $400.

2. The most we will pay for "Travel Expenses" incurred by all *persons* in any one occurrence is $400.

**CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R2.** *You* have this coverage if "R2" appears in the "Coverages" space on the declarations page.

1. **Car Rental Expense.**

a. We will:

(1) pay 80% of the rental charge when *you* rent a *car* from a car rental agency or garage. "Rental charge" means the daily rental rate plus charges for mileage and related taxes; or

(2) pay *you* $10 for each complete 24 hour period that *your car* is not drivable if *you* choose to not rent a *car*. *You* must report to us the period of time that *your car* was not drivable.

We will pay only if *your car* is not drivable because of a *loss* which would be payable under coverage D or G.

b. Payment will be made for a period that:

(1) starts:

(a) when *your car* is not drivable due to the *loss;* or

(b) if *your car* is drivable, when *you* leave it at the shop for agreed repairs; and

(2) ends:

(a) when *your car* has been repaired or replaced; or

(b) when we offer to pay for the *loss,* if *your car* is repairable but *you* choose to delay repairs; or

(c) five days after we offer to pay for the *loss* if:

(i) *your car* was stolen and not recovered; or

17
8244

24-5413-777

(ii) we declare that *your car* is a total loss;

whichever comes first.

Any car rent payable under this coverage is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

2. **Travel Expenses.** If *your car* is not drivable due to a *loss* which occurs more than 50 miles from home and which would be payable under coverage D or G, we will pay *you* for expenses incurred by *you*, *your spouse* and any *relative* for:

   a. commercial transportation fares to continue to *your* destination or home;

   b. extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first; and

   c. meals, lodging and commercial transportation fares incurred by *you* or a *person* *you* choose to drive *your car* from the place of repair to *your* destination or home.

3. **Rental Car – Repayment of Deductible Amount Expense.** We will pay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or garage.

**Total Amount of Expenses Payable – Coverage R2**

1. The most we will pay for "Car Rental Expense" incurred in any one occurrence is $500.

2. The most we will pay for "Travel Expenses" incurred by all *persons* in any one occurrence is $400.

3. The most we will pay for "Rental Car – Repayment of Deductible Amount Expense" incurred in any one occurrence is $400.

**Trailer Coverage**

1. **Owned Trailer**

   *Your* trailer is covered:

   a. when it is described on the declarations page of the policy; and

   b. for the coverages shown as applying to it.

2. **Non-Owned Trailer or Detachable Living Quarters**

   Any physical damage coverage in force on *your car* applies to a non-owned:

   a. trailer, if it is designed for use with a *private passenger car*, or

   b. detachable living quarters unit

   used by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

   The most we will pay under the comprehensive or collision coverage for a *loss* to such non-owned trailer or unit is $500.

   A non-owned trailer or detachable living quarters unit is one that:

   a. is not owned by or registered in the name of:

      (1) *you*, *your spouse*, any *relative*;

      (2) any other *person* residing in the same household as *you*, *your spouse* or any *relative*; or

      (3) an employer of *you*, *your spouse* or any *relative*; and

   b. has not been used or rented by or in the possession of *you*, *your spouse* or any *relative* during any part of each of the last 21 or more consecutive days. If *you* are insured by one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy; and

   c. is not rented and used in connection with the employment or business of *you*, *your spouse* or any *relative*.

**Coverage for the Use of Other Cars**

The coverages in this section *you* have on *your car* extend to a *loss* to a *newly acquired car*, a *temporary substitute car* or a *non-owned car*. These coverages extend to a *non-owned car* while it is driven by or in the custody of an *insured*.

*Insured* – as used in this provision means:

1. the first *person* named in the declarations;

2. his or her *spouse*; or

3. their *relatives*.

**When the Physical Damage Coverages Do Not Apply**

THERE IS NO COVERAGE FOR:

1. A *NON-OWNED CAR*:

   a. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER

18
8244

24-5413-777

THAN "PLEASURE AND BUSINESS";

b. WHILE BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR

c. WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

2. ANY VEHICLE WHILE:

a. RENTED OR LEASED TO OTHERS;

b. USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis.

3. *LOSS* TO ANY VEHICLE DUE TO:

a. TAKING BY ANY GOVERNMENTAL AUTHORITY;

b. WAR OF ANY KIND;

c. AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL OR ELECTRICAL BREAKDOWN OR FAILURE. This does not apply when the *loss* is the result of a theft covered by this policy. Nor does it apply to emergency road service; OR

d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY *PERSON* WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL, LEASE OR SALES AGREEMENT.

4. TIRES unless:

a. stolen, or damaged by fire or vandalism; or

b. other *loss* covered by this section happens at the same time.

5. TAPES OR DISCS FOR RECORDING OR REPRODUCING SOUND.

6. ANY LASER OR RADAR DETECTOR.

7. *YOUR CAR* WHILE SUBJECT TO ANY LIEN, LEASE OR SALES AGREEMENT NOT SHOWN IN THE DECLARATIONS.

### If There Is Other Coverage

**1. Policies Issued by Us to You, Your Spouse or Any Relative**

If two or more vehicle policies issued by us to *you*, *your spouse* or any *relative* apply to the same *loss* or occurrence, we will pay under the policy with the highest limit.

**2. Coverage Available From Other Sources**

Subject to item 1, if other coverage applies to the *loss* or expenses, we will pay only our share. Our share is that percent the limit of liability of this policy bears to the total of all coverage that applies.

**3. Temporary Substitute Car, Non-Owned Car or Trailer**

Subject to items 1 and 2, if a *temporary substitute car*, a *non-owned car* or trailer designed for use with a *private passenger car* has other coverage on it, this coverage is excess.

**4. Newly Acquired Car**

THIS INSURANCE DOES NOT APPLY IF THERE IS SIMILAR COVERAGE ON A *NEWLY ACQUIRED CAR*.

### No Benefit to Bailee

These coverages shall not benefit any carrier or other bailee for hire liable for *loss*.

## SECTION V — DEATH, DISMEMBERMENT AND LOSS OF SIGHT — COVERAGE S, TOTAL DISABILITY — COVERAGE T AND LOSS OF EARNINGS — COVERAGE Z

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT — COVERAGE S

If "S" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the amount shown in the schedule that applies for death, or *loss*, caused by accident. The *insured* has to be *occupying* or be struck by a land motor vehicle or trailer. The death or *loss* must be the direct result of the accident and not due to any other cause. The death or *loss* must occur within 90 days of the accident.

*Insured* – means a *person* listed under "Persons Insured – Coverage S" on the declarations page.

*Loss* – means the loss of:

1. the foot or hand, cut off through or above the ankle or wrist; or
2. the whole thumb or finger; or
3. all sight.

### The Most We Pay

The most we will pay because of the death of, or *loss* to, the *insured,* except as provided below, is shown under "Amount" next to his or her name on the declarations page.

The amount shown in the schedule for death or *loss* is doubled for an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

If the *insured* dies as a result of this accident, any payment made or due for *loss* reduces the amount of the death payment.

### SCHEDULE

| | If amount under S in the declarations is: | |
| --- | --- | --- |
| | $5,000 | $10,000 |
| Death | $5,000 | $10,000 |
| *Loss* of: hands; feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 |
| any two fingers | 1,000 | 2,000 |

### Payment of Any Amount Due

We will pay any amount due:

1. to the *insured*;
2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;
3. to the surviving *spouse*; or
4. at our option, to any *person* or organization authorized by law to receive such payment.

Any payment made is to its extent a complete discharge of our obligations. We are not responsible for the way the money is used.

### Autopsy

We have the right to have an autopsy made where it is not forbidden by law.

### TOTAL DISABILITY – COVERAGE T

If "T" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured* *weekly indemnity* because of his or her continuous *total disability.* The *total disability* must:

1. result directly and independently of all other causes from *bodily injury* caused by accident, while *occupying,* or through being struck by a land motor vehicle or trailer;
2. start within 20 days from the date of the accident; and
3. be for seven or more consecutive days.

*Insured* – means a *person* shown under "Persons Insured – Coverage T" on the declarations page.

*Total Disability* – under coverage T means:

1. during the first year from the start of the *insured's* disability, the *insured* is continuously unable to work in his or her occupation; and
2. after the first year, the *insured* is continuously unable to work in a gainful occupation for which he or she is reasonably fitted by education, training or experience.

*Weekly Indemnity* – means the amount we pay for each week the *insured* sustains *total disability.* It is the lower of:

1. the amount shown on the declarations page for the *insured,* or

2. two-thirds of the *insured's* average weekly earnings on the date of the accident. Average weekly earnings is the *insured's* total earnings for the 52 weeks just prior to the date of the accident, divided by 52.

### Limits of Liability

The maximum number of weeks for which we will pay *weekly indemnity* to an *insured* is 260 weeks of continuous *total disability* due to one accident.

### Payment of Any Amount Due

Subject to proof of continued *total disability*, when we ask for it, *weekly indemnity* is payable to an *insured* every four weeks.

### Death During Total Disability

The time limitation for death under coverage S, when an *insured* under both coverages S and T sustains death during a period of continuous *total disability*, is extended to one year from the date of accident.

### If There Is Other Coverage

If an *insured* is also an *insured* under Total Disability – Coverage T of another policy issued by us, then the amount payable under this coverage is reduced to the extent of any amount paid under the other policy. We will return premium paid for such duplication of benefits.

### LOSS OF EARNINGS – COVERAGE Z

If "Z" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured* 85% of his or her loss of *weekly earnings*. The loss has to be due to continuous *total disability* that is:

1. the direct result of *bodily injury* caused by accident; and

2. sustained while *occupying* or through being struck by a land motor vehicle or trailer.

### When Total Disability Applies

The *insured's total disability* must be for a period of at least 30 consecutive days starting within 20 days after the accident. We will not pay for the first seven days of the 30 day period.

Payments owed will be paid every two weeks. Proof of continued *total disability* must be given to us when we ask for it.

### Limits of Liability

We will pay up to $250 for each full work week of *total disability* and pro rata for less than a week. Subject to the limit per week, we will pay up to $15,000 total for all loss of earnings due to any one accident.

*Insured* – means a *person* shown under "Persons Insured – Coverage Z" on the declarations page.

*Total Disability* – under coverage Z means the *insured*, while living, is not able to do the usual work or any other work for which he or she is reasonably fitted by education, training or experience.

*Weekly Earnings* – means all earnings for the *insured's* services before any deductions. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is the total earnings for the 52 weeks just prior to the accident divided by 52.

### When Coverages S, T and Z Do Not Apply

THESE COVERAGES DO NOT APPLY TO:

1. AN *INSURED* WHILE ON THE JOB, OPERATING, *OCCUPYING*, LOADING OR UNLOADING;

    a. AN EMERGENCY VEHICLE; OR

    b. A VEHICLE USED IN THE *INSURED'S* BUSINESS OR JOB.

    But 1.b. does not apply if the vehicle is:

    (1) a *private passenger car* or school bus; or

    (2) of the pickup or van type, with a Gross Vehicle Weight of 10,000 pounds or less, while not used for delivery.

2. AN *INSURED* WHILE:

    a. ON THE JOB IN ANY *CAR BUSINESS*; OR

    b. *OCCUPYING* ANY:

    (1) VEHICLE WHILE BEING USED IN A RACE; OR

    (2) MILITARY VEHICLE.

3. AN *INSURED* WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OR TRAILER:

    a. THAT RUNS ON RAILS OR CRAWLER-TREADS;

24 - 5413 - 7

24-5413-777

a. *your car*, or its use, including annual mileage;

b. the *persons* who regularly drive *your car*, including newly licensed family members;

c. *your* marital status; or

d. the location where *your car* is principally garaged.

*You* agree that if this information or any other information used to determine the premium is incorrect or incomplete, or changes during the policy period, we may decrease the

premium during the policy period based upon the corrected, completed or changed information. *You* agree that if the premium is decreased or increased during the policy period, State Farm will refund or credit to *you* any decrease in premium and *you* will pay for any increase in premium.

## 7. Concealment or Fraud

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

## MUTUAL CONDITIONS

**1. Membership.** While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

**2. No Contingent Liability.** This policy is non-assessable.

**3. Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois, and countersigned on the declarations page by a duly authorized representative of the Company.

*Laura P. Sullivan*

SECRETARY

*Vincent J. Trosino*

PRESIDENT

24
8244

24-5413-777

RECEIVED

FEB - 8 2010

Central Miss Claims Service

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

RUFUS STAMPS, JR.                                          **PLAINTIFF**

V.                                         CAUSE NO: 25H0-644COV

STATE FARM INSURANCE
COMPANY                                                   **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

**TO:  Mike Chaney, 550 High Street Suite 1804, Jackson, Mississippi 39201**

### NOTICE TO DEFENDANT (S)

**The complaint which is attached to this summons is important and you must take
immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint
to Sanford Knott & Associates, P.A., the attorney for the Plaintiff (s) whose address is Post
Office Box 1208, Jackson, Mississippi 39215-1208.  Your response must be mailed or
delivered within thirty (30) days from the date of delivery of this summons and complaint or
a judgment by default will be entered against you for the money or other things demanded
in the complaint.

You must also file the original of your response with Clerk of this Court within a
reasonable time afterward.

ISSUED under my hand and the seal of said Court, this 2 day of January, 2010.

BARBARA DUNN
HINDS COUNTY CIRCUIT CLERK
POST OFFICE BOX 327
JACKSON, MISSISSIPPI 39205

BY: _____
Deputy Clerk

ATTEST A TRUE COPY

FEB 02 2010

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.