**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RUFUS STAMPS, JR.**                                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO: 3:10-CV-110-LRA**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This uninsured motorist dispute is before the Court on the Motion for Summary

Judgment, ECF No. 24, filed by Defendant State Farm Mutual Automobile Insurance

Company.  State Farm asserts that it is entitled to a judgment at law under Rule 56 of the

Federal Rules of Civil Procedure; Plaintiff Rufus Stamps, Jr., contends that he is entitled to

go forward on the merits.  The Court heard argument of counsel at a hearing conducted on

March 11, 2011, and received additional authorities provided by counsel.  Having fully

considered the parties' arguments, submissions, and the applicable law, the Court finds that

the motion should be granted.

**I.      Facts & Procedural History**[1]

Many of the facts are undisputed.  On December 13, 2005, Plaintiff and Frederick

McCree were involved in a motor vehicle accident on Medgar Evers Boulevard in Jackson,

---

[1]The facts are presented in the light most favorable to Plaintiff, and they come from
the pleadings and supporting exhibits.

Mississippi.  Plaintiff had $25,000/$50,000 in Liability Coverage and $50,000 in stacked

UM Coverage Limits with State Farm.  McCree was uninsured.

There is a dispute as to who caused the wreck, but these facts are undisputed:

Plaintiff and McCree were traveling westbound on Medgar Evers Boulevard, with Plaintiff

in front.  Plaintiff moved into the right lane, and the accident occurred either during or

sometime after Plaintiff's lane change.  Damage to Plaintiff's vehicle was on the rear

passenger-side of the vehicle, and the damage to McCree's vehicle was on the front driver's

side of the vehicle.  All parties concede that McCree told Plaintiff that he was uninsured on

that day, and Plaintiff knew on that date that he was injured.

Plaintiff called State Farm the next day, on December 14, 2005, and reported that he

had been involved in the accident.  He gave his version of the accident during the phone call

to the State Farm representative.[2]  State Farm's representative contacted McCree on the

same day to obtain his version of the accident.  The Mississippi Uniform Crash Report was

provided to Plaintiff on or about January 13, 2006 (31 days after accident),[3] and State Farm

acquired a copy of it on January 18, 2006.[4]  State Farm then made its determination that

Plaintiff was at fault in the accident rather than McCree.[5]

---

[2]See Affidavit of Debbie Tullos, ECF No. 24-4, p. 1.

[3]See Deposition of Plaintiff, ECF No. 24-1, p. 7.

[4]See Affidavit of Debbie Tullos, ECF No. 24-4, p. 1.

[5]See Affidavit of Debbie Tullos, ECF No. 24-4, p. 2.

McCree made a personal injury claim against Plaintiff under his liability coverage with Defendant State Farm, and State Farm paid McCree $2,600 to settle the claim.  It secured a release in favor of Plaintiff as a part of the settlement.[6]

Plaintiff filed suit against McCree in the Circuit Court of Hinds County on January 31, 2006, without notifying State Farm.  A default judgment was entered against McCree in favor of Plaintiff for $75,000 on September 6, 2007.[7]  Plaintiff sent a copy of that judgment to State Farm on that date and demanded that it pay the judgment.  It is undisputed that Plaintiff did not provide State Farm with a copy of the Complaint and Summons until after the judgment was entered.[8]

State Farm retained an attorney to respond to Plaintiff's demand, and that attorney advised that the default judgment against McCree was not binding on State Farm.[9]  On September 17, 2007, State Farm's attorney advised Plaintiff's attorney that he would have to sue State Farm directly in order to establish that Plaintiff was entitled to UM benefits.  Plaintiff filed suit in this case against State Farm on February 2, 2010, alleging that he was

---

[6]See Affidavit of Debbie Tullos, ECF No. 24-4, p. 2.

[7]See Default Judgment entered in Cause No. 251-06-343 in the County Court of the First Judicial District of Hinds County, Mississippi.  ECF No. 24-8.

[8]See Affidavit of Debbie Tullos, ECF No. 24-4, p. 2; Correspondence from Sanford Knott, ECF No. 24-5; Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 32, p. 2.

[9]See Correspondence from Tiffany Piazza Grove, ECF No. 24-6.

entitled to UM benefits from State Farm because he obtained a default judgment against McCree.  He also claimed punitive damages due to State Farm's bad faith.

State Farm asserts that this lawsuit is barred by the three-year statute of limitations contained in Miss. Code Ann. § 15-1-49 (Rev. 2003).  It contends that the statute begins to run at the moment the insured knows or reasonably should know of his UM claim, which was **December 13, 2005**, the day of the accident.  State Farm concludes that this lawsuit, which was filed on **February 2, 2010**, was filed over one year *after* the statute of limitations had run.   Alternatively, State Farm asserts that Plaintiff forfeited any potential right to UM benefits by breaching the statutory notice requirements of Miss. Code Ann. §83-11-105 and by breaching the notice terms of his contract of insurance with State Farm.

Plaintiff asserts that the statute of limitations began running on **September 17, 2007,** the date on which State Farm refused to pay his UM claim.  Using this date, the Complaint filed on **February 2, 2010**, was timely.

## II.     Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

## III. Analysis

### A. **Statute of Limitations**

All parties agree that UM claims are governed by the three-year statute of limitations contained in Miss. Code § 15-1-49. State Farm contends that the limitations period began running on the day of the accident, December 13, 2005, because Plaintiff knew on that date that McCree was injured and that he was uninsured. Alternatively, State Farm argues that the statute began running no later than January 13, 2006, the day Plaintiff picked up the police report stating that McCree had no insurance. In either event, State Farm contends that the statute expired on December 13, 2008, and no later than January 13, 2009. Because Plaintiff did not file this Complaint until over a year after the expiration of the limitations period, on February 2, 2010, State Farm concludes that the UM claim is time-barred under Miss. Code § 15-1-49.

Plaintiff contends that his UM case is one of contract, and the cause of action does not accrue until there has been a breach of contract or formal denial of the claim. He cites *Young v. Southern Farm Bureau Life Ins.*, 592 So.2d 104 (Miss. 1991), in support of his contention. Plaintiff asserts that the statute of limitations began running no earlier than September 17, 2007, when State Farm's attorney sent the denial letter. At the latest, Plaintiff contends that the limitations statute began running sometime in December of 2007, when State Farm refused to honor the Order Awarding Damages entered by the circuit court. Using these dates, the Complaint was timely filed on February 2, 2010.

Having considered the case law discussed by the parties, as applied to the undisputed facts of this case, the Court finds that State Farm's position is correct. The case of *Jackson v. State Farm Mut. Auto. Ins. Co.,* 880 So.2d 336, 343 (Miss. 2004), cited by both parties, provides the applicable Mississippi law regarding when the statute of limitations begins to run in a UM claim. That case is not factually identical to the case at hand because it involves a claim by the insured, Rebecca Jackson, against her insurer, State Farm, for underinsurance. The issue in *Jackson* was when the statute of limitations began to run against State Farm when the tortfeasor was underinsured.

In *Jackson*, Rebecca Jackson was involved in an accident on February 10, 1995, caused by John Bordelon. Bordelon had insurance, limited to $25,000. The damage to Jackson's car was $181, and Bordelon's insurance immediately paid for that damage. Jackson did not notify her insurer, State Farm, of the accident. During the following three

years, Jackson suffered from back problems allegedly caused by the accident.  Just before

the three-year statute ran, on February 3, 1998, she filed suit against Bordelon.  During

discovery in that case, Jackson learned that Bordelon's maximum coverage was $25,000.  It

was not until January 27, 2000, that State Farm was notified of the accident and the lawsuit

and was provided a copy of the complaint.  State Farm then investigated the claim and

denied coverage, contending that the claim was time-barred under the three-year statute of

limitations and that the Jacksons had failed to meet policy and statutory requirements

concerning timely notice of claims and actions against the owner or operator of an

underinsured vehicle.  *Id.* at 339.  On July 12, 2000, five years and five months after the

accident, Jackson amended her complaint in the circuit court and joined State Farm as a

defendant.

The trial court agreed with State Farm and dismissed it from the suit.  The

Mississippi Court of Appeals reversed that finding and remanded the case to the trial court

for further action.  *Jackson v. State Farm Mut. Auto. Ins. Co.,* 852 So.2d 641, 642 (Miss. Ct.

App. 2003).  The supreme court reversed the court of appeals' decision and reinstated the

trial court's decision dismissing State Farm.  *Jackson,* 880 So.2d at 343.  Much of the

opinion focuses on deciding at what point Jackson realized that Bordelon was underinsured.

In the case now before the Court, there is no dispute that Stamps actually knew McKee was

uninsured on the date of the accident, or at least a month later when the accident report was

provided.

7

The supreme court's decision dismissing State Farm is largely based upon Jackson's

failure to notify its insurer under the terms of the policy. In holding that the notice was

inadequate, it stated:

> This Court has stated that notice confers valuable rights upon
> the insurer. Timely notice protects the insurer's right to
> investigate the events underlying the claim and allows the
> insurer to make decisions regarding the defense of that claim.

*Id.* at 343 (citations omitted).

Though the discussion of the limitations issue is not expansive, the court also found

that Jackson's claims were barred by the three-year statute of limitations. *Id.* It held:

> It is clear from the record that the Jacksons added State Farm to
> the suit more than three years after they knew the extent of
> Rebecca's injuries and knew the amount of Bordelon's
> insurance coverage. Accordingly, their claims are barred by the
> three-year statute of limitations, Miss. Code Ann. § 15-1-49
> (Rev. 2003).

*Id.*

In Stamps's case, it is also clear that he knew that McKee had no insurance on the

day of the accident (or at least by the date the accident report was provided) and he knew he

was injured on that date. Under *Jackson*, the statute of limitations began running at that

time.

Plaintiff argues that the limitations statute did not commence until State Farm

actually refused to pay the default judgment. In support of this argument, counsel

submitted the case of *Madison v. Geico General Ins. Co.,* 49 So. 3d 1166 (Miss. Ct. App.

Case 3:10-cv-00110-LRA   Document 33   Filed 05/05/11   Page 9 of 14

2010), at the hearing.  The Court has considered the holding in *Madison* and finds it consistent with the ruling against Stamps in the instant case.  The court of appeals applied *Jackson*, finding that the statute of limitations begins to run "when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor." *Id.* at 1168.  The facts in the *Madison* case distinguish its holding from the facts herein, as it involved a separate lawsuit for negligent entrustment against the insured as well as a claim against the plaintiff's own UM coverage.

The court in *Madison* held that at the latest, the statute of limitations began to run on the date the default judgment was entered against the tortfeasor driver involved in the accident.  The Court does not read the case as requiring such a holding in any case wherein a default judgment is entered; it was simply using the *latest* date where the claimant could be found to have reasonable notice of his claim.  In the instant case, Stamps knew that McCree was uninsured on the date of the accident; he conceded that fact in the discovery process.  He also knew he was injured on that date.  The *Madison* case does not compel an inopposite conclusion.  In fact, the court also utilizes the date of a deposition wherein the tortfeasor admitted he had no insurance as evidence that the claimant had reasonable notice of the uninsured motorist claim on that date.

If Plaintiff's interpretation of the law was correct, that no cause of action accrues in a UM case until there is a denial of the claim after a judgment against a tortfeasor was entered, this would leave in the hands of the claimant "an unlimited period of time to wait,

intentionally or inadvertently, before making a claim.  Only thereafter would the statute of limitations commence." *Jackson*, 852 So.2d at 647.  This interpretation of Mississippi law would not be practical—allowing one party to the contract control over the statute of limitations.

Though not cited by the parties, the *Jackson* case was interpreted and applied by the Court of Appeals for the Fifth Circuit in an unpublished case, *Bolden v. Brooks*, No. 04-60286, 138 Fed.Appx. 601, 2005 WL 1164197 (5th Cir. May 18, 2005).  The facts in *Bolden* are more similar to this case than those in *Madison*.

Bolden, insured by Nationwide, was injured in an accident which occurred on September 26, 1997, and which was allegedly caused by Brooks.  Brooks was uninsured, and Bolden's Nationwide policy had a $300,000 maximum UM coverage.  Bolden notified Nationwide, and Nationwide investigated the claim.  Bolden demanded the policy limits and refused Nationwide's offers of $21,000, then $40,000, and finally $100,000.

Bolden and his wife sued Brooks on December 1, 1999, in state court for negligence and loss of consortium.  Brooks did not answer the complaint, and the Boldens were awarded a default judgment against Brooks for $500,000 in compensatory damages and $500,000 in punitive damages. On August 21, 2000, the Boldens notified Nationwide of their judgment and filed a claim for the limits of their UM coverage.  Nationwide responded that it was not bound by the default judgment, and it renewed its offer of $100,000.  On December 1, 2000, the Boldens filed an amended complaint naming Nationwide (and its

agents) in the state court action.  The case was removed to this federal district court, the

Southern District of Mississippi.  The district court found that the claim for uninsured

motorist benefits was barred by the statute of limitations, and the Boldens appealed.

The Fifth Circuit affirmed the decision of the district court, finding that the Boldens'

claims were barred by the statute of limitations.  In interpreting Mississippi law, the Court

utilized the *Jackson* decision in finding:

> The statute of limitations accrues when the plaintiff knew or
> reasonably should have known that the damages exceeded the
> insurance limits available from the alleged tortfeasor.  *See
> Jackson,* 880 So. 2d at 341 (synthesizing *Lawler v. Gov't
> Employees Ins. Co.,* 569 So.2d 1151, 1153 (Miss. 1990);
> *Vaughn v. State Farm Mut. Auto. Ins. Co.,* 445 So.2d 223, 226
> (Miss. 1984)).

*Id.* at 604.

The Court found that the Boldens knew Brooks was uninsured on October 1, 1997,

the date they received the accident report and the Nationwide agent explained to them that

Brooks had no insurance.  Although the Boldens averred they only knew about the lack of

insurance when the settlement offer was made on August 14, 1998, the Court found that

argument to be without merit.  "Mississippi's accrual law does not look to the offer of

settlement as notice of inadequate insurance; instead, it asks when the Boldens knew or

reasonably should have known that Brooks was uninsured." *Id., citing Jackson*, 880 So. 2d

at 341.

Pointing to Bolden's sworn testimony that he knew on October 1, 1997, that Brooks was uninsured, the Court found that the Boldens could not create a factual dispute as to whether they knew or should have known Brooks's insurance status merely by pointing to Nationwide's conduct. *Id.* at 604-05. Likewise, Stamps cannot create a factual dispute by pointing to State Farm's attorney's letter sent September 17, 2007 [ECF No. 29-1]; the evidence is clear that Stamps knew on the day of the accident, December 13, 2005, that McCree was uninsured.[10]   The correspondence by State Farm's attorney on September 17, 2007, was not pertinent to a determination of when the statute began running.

The *Bolden* and *Jackson* cases were utilized by the district court in *Fidelity & Guaranty Insurance Underwriters v. Sullivan,* No. 1:04cv115-D-D, 1006 WL 87618 (N. D. Miss. Jan. 11, 2006) (Davidson, Chief Judge) in a similar situation. The insured in that case did not file suit against its insurer until after she sued the uninsured motorist and obtained a default judgment. More than three years had elapsed before she made a claim against her insurer under her UM policy. Citing *Bolden* and *Jackson*, the Court ruled for the insurer, stating that the statute of limitations accrues and begins running when the insured claimant knew or reasonably should have known that the alleged tortfeasor was an uninsured motorist. *Id.* at *2.

---

[10]Stamps admitted in his response to Interrogatory No. 28: "According to the personal information that was exchanged at the scene of the accident, Mr. Fredrick McCree had no insurance." ECF No. 24-2, p. 9. He admitted the same in his deposition. ECF No. 24-1, p. 11.

Although the *Fidelity* case is unpublished, and a district court case, it is factually similar to the case now before the Court.  The Court is cognizant of the fact that Mississippi state law applies.  In the absence of state court cases construing the *Jackson* decision differently, or otherwise holding inopposite, the Court finds these unpublished cases, *Bolden* and *Fidelity*, to be controlling.

The Court concludes that the only facts material to the statute of limitations issue are undisputed.  These facts are:

1.      The accident occurred on December 13, 2005, and Plaintiff was advised McCree was uninsured on that date.

2.      Plaintiff knew that he was injured on that date.

3.      Plaintiff did not file suit against State Farm until February 2, 2010.

Having applied the applicable Mississippi law to these facts, the Court finds that the statute of limitations bars this suit against State Farm.  State Farm is entitled to a judgment at law.

**B.      Plaintiff's UM Claim Fails as a Matter of Law; Plaintiff Failed to Comply with the Statutory Notice Requirements of Miss. Code Ann. § 83-11-107 and the Insurance Policy**

Because the Court finds that Plaintiff's claims are barred by the statute of limitations, it is unnecessary to consider these alternative legal theories which State Farm contends also entitle it to a judgment at law.

**C.      Plaintiff's Bad Faith Claim**

Because State Farm is entitled to a judgment at law on the UM claim against it, it is also entitled to a judgment at law on Plaintiff's claim for punitive damages. The statute of limitations also bars any recovery for punitive damages.

## IV.   Conclusion

The Court finds that there are no genuine issues as to any material fact in this case, and State Farm is entitled to a judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure.

THEREFORE, it is hereby ordered that Defendant's Motion for Summary Judgment, ECF No. 24, is GRANTED, and Final Judgment in its favor shall be entered.

SO ORDERED, this the 5th day of May, 2011.


                                    /s/ Linda R. Anderson
                          UNITED STATES MAGISTRATE JUDGE